UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARTY CREW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 4:08CV1185 HEA |
| v. | ) |
| | ) |
| IMAGINE SCHOOLS, INC., | ) |
| | ) |
| Defendant. | ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Counts I and II of Plaintiff's Complaint, [Doc. No. 6] and Defendant's Motion to Dismiss Count III of Plaintiff's Complaint, [Doc. No. 8]. Plaintiff has not responded to either motion.[1] For the reasons set forth below, the Motions are granted.

## Facts and Background

Plaintiff brought this action in the Circuit Court for the City of St. Louis, Missouri on June 24, 2008 alleging the following: In June, 2007, Plaintiff first worked on the premises of Image Academy of Careers, a charter school managed by Defendant, as an employee of a third party that was employed by Defendant. On August 6, 2007, the principal of the Academy allegedly offered Plaintiff the position

---

[1] Pursuant to this Court's Local Rules, failure to respond to a motion may be construed as a concession of the motion.

of Supervisor Janitorial Maintenance at the Academy beginning that same dated as a 12 Month full time position with an annual salary of Thirty-Three Thousand Dollars ($33,000.00), with benefits.  Plaintiff completed an application and other requirements.  One of the requirements was the completion of a criminal background check, which the Academy did not demand until nearly seven months after the date of the offer letter dated August 6, 2007.  The Academy demanded that Plaintiff personally obtain a criminal background check, which he did and which he provided to the Academy.  The background check showed at least one previous felony criminal conviction.  The Academy terminated Plaintiff's employment upon receipt of the background check, giving the previous felony criminal conviction as the reason.

Plaintiff alleges that the termination of his employment was a breach of an employment contract which was partly written, partly oral, and partly implied.  He contends that certain disciplinary actions must be progressively taken in accordance with written personnel policies, and that as long as he was performing his job in a satisfactory manner, a demotion or discharge could only be for good cause proven and then would be carried out only in accordance with the stated written policies of Defendant.  Plaintiff further alleges that Defendant's failure to follow the disciplinary rules were a breach of an employment contract, (Count I); Breach of the

covenant of good faith and fair dealing (Count II) and a violation of public policy, (Count III).

Defendant removed the matter to this Court based on the Court's diversity of citizenship jurisdiction. Defendant moves to dismiss all three counts for failure to state a claim.

**<u>Standard of Review</u>**

The purpose of a motion to dismiss is to test the sufficiency of the complaint. The Supreme Court has recently determined that *Conley v. Gibson's*, 355 U.S. 41, 45-46 (1957), "no set of facts" language "has earned its retirement." *Bell Atlantic Corp. v. Twombly,* __ U.S.__, __, 127 S.Ct. 1955, 1969 (2007). Noting the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief,'" the Court held that a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic,* 127 S.Ct. at 1964-65, 1974. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. The Court explained that this new standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* On the other hand, the Court noted that "of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote

and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). "[P]rior rulings and considered views of leading commentators" can assist in assessing the plausibility of the plaintiffs' allegations. *Id.* at 1966. This standard of review has recently been utilized by the Eighth Circuit Court of Appeals. The Court accepts "as true all factual allegations in the complaint, giving no effect to conclusory allegations of law. The plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are merely consistent with such a right." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). (Citations omitted).

When considering a motion to dismiss, courts are still required to accept the complaint's factual allegations as true. *Twombly*, 127 S.Ct. at 1965. All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." *Silver v. H & R Block, Inc.,* 105 F.3d 394, 397 (8th Cir. 1997). Furthermore, the Court, in construing the Complaint, may also consider the attachments thereto. Any written instrument attached to a complaint is considered a part of the complaint, and may be

considered in ruling on a motion to dismiss. Fed.R.Civ.P. 10(c); *Quinn v. Ocwen Federal Bank FSB,* 470 F.3d 1240, 1244 (8th Cir. 2006).

## **Discussion**

Defendant moves to dismiss Count I because Plaintiff has failed to state a claim for breach of contract. Defendant asserts that Plaintiff's claim for breach of employment contract fails because Plaintiff was an at-will employee since there was no duration of the alleged employment contract, other than for "so long as [Plaintiff] performed his job in a satisfactory manner."

"An essential element to an employment contract is a statement of duration. *Adcock v. Newtec, Inc.*, 939 S.W.2d 426, 428 (Mo.Ct.App.1996); *Luethans v. Washington University*, 894 S.W.2d 169, 172 (Mo.1995) (en banc). Without a statement of duration, an employment at will is created which is terminable at any time by either party with no liability for breach of contract." *McCoy v. Spelman Memorial Hosp.*, 845 S.W.2d 727 (Mo.App.1993). "Without a statement of duration, an employment at will is created which is terminable at any time by either party with no liability for breach of contract." *Id*. at 730. The Court agrees that Plaintiff has failed to state a claim for breach of contract. Because there is no signed document between Plaintiff and Defendant setting a term of duration for Plaintiff's employment, Plaintiff's employment was an at-will employment which

Defendant could terminate at any time. Count I must be dismissed.

Likewise, Count II must be dismissed as well. Since Plaintiff's employment was at-will employment, there can be no cause of action for breach of an implied covenant of good faith and fair dealing. *Bishop v. Shelter Mut. Ins. Co.*, 129 S.W.3d 500, 506 (Mo.App.2004) ("[T]he Missouri employment at-will doctrine expressly prohibits any consideration of the implied covenant of good faith and fair dealing (inherent in all contracts) when an employer is sued for terminating the employee."); *Kelly v. State Farm Mut. Auto. Ins. Co.* 218 S.W.3d 517, 524 (Mo.App.W.D.,2007); *Lyles v. Columbia Public School Dist.*, 2007 WL 1485873, 3 (W.D. Mo. 2007).

Count III claims that Defendant violated public policy under Section 516.016 of the Missouri Revised Statutes. This claim fails because Section 516.016 does not prohibit Plaintiff's termination because of his felony convictions. Section 561.016 provides, in relevant part,:

> No person shall suffer any legal disqualification or disability because of a finding of guilt or conviction of a crime or the sentence on his conviction, unless the disqualification or disability involves the deprivation of a right or privilege, which is
>
> (1) Necessarily incident to execution of the sentence of the court; or
>
> (2) Provided by the constitution or the code; or

> (3) Provided by a statute other than the code, when the conviction is of a crime defined by statute; or

> (4) Provided by the judgment, order or regulation of a court, agency or official exercising a jurisdiction conferred by law, or by the statute defining such jurisdiction, when the commission of the crime or the conviction or the sentence is reasonably related to the competency of the individual to exercise the right or privilege of which he is deprived.

§ 561.016.1, RSMo 2000.

> This statute does not apply to all private employment situations.
>
> The General Assembly, therefore, did not intend that section 561.016 eliminate all disqualifications or disabilities resulting from felony conviction. The legislature considered only legal disqualifications and disabilities in section 561.016. [Plaintiff's] attempt to apply the statute to his private employment is misplaced. The statute relates to employment only in "certain regulated areas." Committee Comment to 1973 Proposed Code, 39A V.A.M.S. at 329 (1999). "Regulated areas" include those activities for which a license is required in order to participate. Such a regulated area is the liquor business where a licensing board provides licenses to sell intoxicants to qualified persons or entities. To the extent that licensing of an industry affects employment, section 561.016 was intended to increase the legitimate discretion of licensing boards by eliminating arbitrary or inflexible barriers imposed by criminal conviction.

*Chandler v. Allen* 108 S.W.3d 756, 762 (Mo.App. W.D. 2003). There is no prohibition contained in Section 516.016 upon which Plaintiff can base his claim, and therefore, Count III fails to state a cause of action, and this count must be

dismissed.

## **Conclusion**

Based upon the foregoing, Plaintiff's Petition fails to state a cause of action. Pursuant to Rule 12(b)(6), the Petition must therefore be **dismissed**.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Counts I and II of Plaintiff's Complaint, [Doc. No. 6], is **granted**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Count III of Plaintiff's Complaint, [Doc. No. 8], is **granted.**

**IT IS FURTHER ORDERED** that this matter is therefore **DISMISSED**.

Dated this 1st day of December, 2008.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE